UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TARREN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1836 MLM |
| | ) | |
| WASHINGTON UNIVERSITY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging conspiracy, defamation of character, intentional infliction of emotional distress, discrimination, slander, false imprisonment, theft, breach of contract, and a myriad of additional claims. Plaintiff has named eighty-six defendants in this action, including, for example: Wake Forest University, Kirk of the Hills Church, Forsyth County, the State of North Carolina, Forsyth County Jail, Bank of America, Dierbergs, WFDD Radio, Washington University, T-Mobile, Autohaus BMW, Macy's, and "Client Services."

Plaintiff's complaint is long, rambling and incoherent. He seems to be alleging that all of the defendants violated numerous laws, as far back as 1997, when he was involuntarily committed to St. John's Hospital. His claims are numerous, disjointed, disorganized, and incomprehensible, and many are decidedly not cognizable under § 1983.

## Discussion

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal

Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, and the instant complaint is nonsensical, disorganized, and incomprehensible, the Court will dismiss this action as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE